## A02A0352. ALCATEL NA CABLE SYSTEMS, INC. v. PRINVEST CORPORATION.

(566 SE2d 467)

MILLER, Judge.

A subcontractor assigned to its creditor the proceeds from its contract with a general contractor, who acknowledged the assignment. The subcontractor and the contractor arbitrated to a federal judgment the amount due under the contract. The subcontractor's attorneys then notified the contractor that they also had a claim to the judgment proceeds. Faced with the conflicting claims of the creditor and of the subcontractor's attorneys, the contractor obtained federal court permission to pay the amount of the judgment into the federal court registry in satisfaction of the judgment. The federal court later disbursed the funds to the attorneys. The question on appeal is whether the contractor is liable to the creditor for not having paid the judgment amount directly to the creditor as opposed to paying it into the court registry. We hold that because paying the amount into the court registry satisfied the judgment due from the contractor to the subcontractor, the contractor was relieved from liability to the creditor. Accordingly, we reverse the trial court's grant of summary judgment in favor of the creditor.

A subcontractor (AWIN Corporation) assigned to its creditor (PrinVest Corporation) all monies due or to become due from any contracts of the subcontractor with a general contractor (Alcatel NA Cable Systems, Inc.). The subcontractor and its creditor also executed and delivered a notice to the contractor, directing the contractor to make all future payments to the creditor directly and warning that "[p]ayment to anyone other than Assignee will not constitute satisfaction of your indebtedness on Assignor's accounts receivable due from you pursuant to the Contracts." The contractor acknowledged receiving this notice.

Monies became due to the subcontractor under one of its contracts with the contractor, although the amount was in dispute. Pursuant to the terms of the contract, the amount was arbitrated and

subsequently reduced to a $112,025 judgment in federal court. Beyond the claim of the creditor to the judgment, the subcontractor's attorneys notified the contractor that they also had a claim to the monies.

The creditor sued the subcontractor in Massachusetts state court on debts owed to the creditor, naming the contractor as an additional party. The contractor executed a stipulation that it would pay the creditor monies due from the judgment in the federal action up to the amount of any judgment against the subcontractor in the Massachusetts case. The creditor then obtained a $93,651.80 judgment against the subcontractor.

Citing the competing claims of the creditor and of the subcontractor's attorneys to the federal judgment, the contractor moved in the federal action under Federal Rule of Civil Procedure 67 to deposit the entire amount of the $112,025 judgment (plus interest) into the federal court registry. Opposing this motion by letter, the creditor argued that $93,651.80 of the monies should be paid directly to the creditor as assignee and pursuant to the stipulation executed by the contractor in the Massachusetts action. The federal court nevertheless granted the motion and allowed all the monies to be deposited into the court's registry.

Without serving a copy on the creditor, the subcontractor's attorneys filed a motion to have all the funds held in the registry disbursed to them. On the day the federal court was considering disbursing the monies to the subcontractor's attorneys, the creditor finally learned of the motion and faxed its opposition to the court. By the time the court received the facsimile, it had already disbursed the monies to the attorneys, and the issue was moot. The creditor has since commenced an action against those attorneys in the same federal court to recover the disbursed funds.

The creditor then brought the present Georgia action against the contractor, alleging the contractor breached its duty to pay to the creditor directly all monies due under its contracts with the subcontractor. The creditor moved for summary judgment, pointing to the written notice of the assignment acknowledged by the contractor and to the Massachusetts stipulation executed by the contractor. The contractor argued that it fulfilled those obligations by paying the judgment amount into the federal court registry (with notice to the creditor). The Georgia court disagreed and entered summary judgment in favor of the creditor, which the contractor appeals.

The resolution of this appeal is straightforward. Pursuant to Rule 67 of the Federal Rules of Civil Procedure, a party may, with leave of court, deposit into the court registry funds due on a judgment in the case and thereby become entitled to a satisfaction of the judgment. *United States Overseas Airlines v. Compania Aerea Viajes*

*&c.*, 161 FSupp. 513, 515 (S.D. N.Y. 1958). This procedure has been properly used where the judgment debtor is faced with conflicting claims to the judgment proceeds. Id.; see *Garrick v. Weaver*, 888 F2d 687, 694 (III) (C) (10th Cir. 1989); *Kalmanovitz v. G. Heileman Brewing Co.*, 649 FSupp. 638, 642 (I) (A) (D. Del. 1986).

The contractor here was faced with adverse claims to the federal judgment. Thus, in the same federal action in which the amount due to the subcontractor was established and entered as a judgment, the contractor with leave of court and with notice to the creditor paid the amount of the judgment into the court's registry, thereby satisfying the judgment. Having satisfied the judgment owed to the subcontractor, the contractor was under no further obligation to pay monies to the creditor, who under the assignment and the stipulation was only entitled to receive funds owing to the subcontractor. Although the contractor would have acted at its own peril if it had paid the judgment amount directly to the subcontractor (*Fulton County v. American Factors of Nashville*, 250 Ga. App. 366, 371 (5) (551 SE2d 781) (2001)), here the contractor availed itself of the federally authorized procedure of paying the money into the court's registry to allow the court to determine the conflicting claims to the money. *United States Overseas Airlines*, supra, 161 FSupp. at 515. The contractor gave proper notice to the creditor of its actions in this regard, and the court allowed the contractor to pay the funds into the registry over the creditor's objections. The creditor's receiving late notice of the subsequent successful efforts of the subcontractor's attorneys to have the funds disbursed to them arose from those attorneys' failure to serve the creditor with their motion, and not from any conduct on the part of the contractor. Accordingly, we discern no reason not to honor the contractor's satisfaction of the judgment.

Inasmuch as the contractor's debt owed to the subcontractor was satisfied, the Georgia court erred in holding that the contractor was nevertheless obligated to pay that debt again to the subcontractor's assignee/creditor. We therefore reverse the granting of summary judgment to the creditor.

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 13, 2002.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Patrick A. Thompson, D. Lee Roberts, Jr.*, for appellant.

*Kutak Rock, Gregory R. Crochet, Ethan H. Cohen*, for appellee.